**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| INNOVATCO, INC., | |
| PLAINTIFF, | CASE NO.: 1:25-CV-02434 |
| V. | |
| | JUDGE MATTHEW F. KENNELLY |
| THE PARTNERSHIPS IDENTIFIED ON SCHEDULE A, | |
| DEFENDANTS. | MAGISTRATE JUDGE KERI L. HOLLEB HOTALING |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S**
**MOTION FOR ENTRY OF A PRELIMINARY INJUNCTION**

Plaintiff, Innovatco, Inc., ("Innovatco" or "Plaintiff") submits this Memorandum of Law in support of its Motion for Entry of a Preliminary Injunction.

## MEMORANDUM OF LAW

### I.    INTRODUCTION

Plaintiff, Innovatco, Inc., brings the present action against the defendants identified on Second Amended Schedule A to the Second Amended Complaint (collectively, the "Defendants") for copyright infringement. As alleged in Innovatco's Second Amended Complaint [Docket No. 24], the Defendants are promoting, advertising, distributing, offering for sale, and selling products using infringing versions and unauthorized copies of Innovatco's federally registered copyrighted images (collectively, the "Infringing CME Products") through various fully interactive, commercial Internet stores operating under at least the online marketplace accounts identified on Second Amended Schedule A to the Second Amended Complaint (collectively, the "Defendant Internet Stores" or "Seller Aliases").

### II.    STATEMENT OF FACTS

On April 29, 2025, this Court granted Innovatco, Inc.'s *Ex Parte* Motion for Entry of a Temporary Restraining Order (the "TRO"). [32]. The TRO authorized Innovatco to provide notice of these proceedings and the preliminary injunction hearing to Defendants by electronically publishing a link to the Second Amended Complaint, the TRO, and other relevant documents on a website and by sending an e-mail, including all relevant court documents as attachments, to the e-mail addresses provided for Defendants by third parties that includes a link to said website. [33] at ¶ 8. This Court granted Innovatco's *Ex Parte* Motion to Extend the Temporary Restraining Order until May 27, 2025. [37]. Since, and pursuant to entry of the TRO, several financial accounts associated with the Defendant Internet Stores have been frozen. See Declaration of Ann Marie Sullivan (hereinafter, "Sullivan Declaration") at ¶ 2.

Innovatco respectfully requests that the TRO be converted to a preliminary injunction so that Defendants remain enjoined from the manufacture, importation, distribution, offering for sale,

and sale of Infringing CME Products during this litigation, and further requests that Defendants'

financial accounts remain frozen until completion of these proceedings.

## III.    ARGUMENT

### A.    A Preliminary Injunction Extending Relief Already Granted in the TRO Is Appropriate

Innovatco respectfully requests that this Court convert the TRO to a preliminary injunction

to prevent further unlawful conduct by Defendants. Courts addressing similar allegations of

Internet-based counterfeiting have also issued preliminary injunctions following a temporary

restraining order. *See, e.g., Decker's Outdoor Corporation v. The Partnerships, et al.,* No. 15-cv-

3249 (N.D. Ill. May 6, 2015) (unpublished).

### i.    This Court Has Already Found that the Requirements for a Preliminary Injunction Have Been Satisfied

The standard for granting a TRO and the standard for granting a preliminary injunction are

identical in this Circuit; as such, the requirements for entry of a preliminary injunction extending

the TRO have been satisfied. *See, e.g., Charter Nat'l Bank & Trust v. Charter One Fin., Inc.*, 2001

WL 527404, at *1 (N.D. Ill. May 15, 2001) (citations omitted). A temporary restraining order or

preliminary injunction may be issued upon a showing that: "(1) there is a reasonable likelihood

that Plaintiff will succeed on the merits; (2) Plaintiff will suffer irreparable injury if the order is

not granted because there is no adequate remedy at law; (3) the balance of hardships tips in

Plaintiff's favor; and (4) the public interest will not be disserved by the injunction." *Columbia

Pictures Indus., Inc. v. Jasso*, 927 F. Supp. 1075, 1076 (N.D. Ill. 1996). By virtue of this Court's

entry of the TRO, it has already found that the above requirements have been satisfied.

### ii.    The Equitable Relief Sought Remains Appropriate

Innovatco requests conversion of the TRO to a preliminary injunction so that the Plaintiff's

right to an equitable accounting of the Defendant's profits pursuant to 17 U.S.C. § 504(b), from

sales of the Infringing CME Products, is not impaired. In furtherance of this request, Plaintiff asks that Defendants' accounts in U.S.-based financial institutions remain frozen. Since entry of the TRO, e-commerce platforms such as Amazon, Inc. ("Amazon") and payment processors, such as: PayPal, Inc. ("PayPal"), Payoneer, Inc. ("Payoneer"), Stripe, Inc. ("Stripe"), and Amazon Payments, Inc. ("Amazon Payments") (collectively referred to herein as "Payment Processors"), have provided Innovatco with information, including the identification of several financial accounts linked to the Defendant Internet Stores which were offering for sale and/or selling Infringing CME Products. In the absence of a preliminary injunction, Defendants may attempt to move any assets from any accounts in U.S.-based financial institutions to an offshore account. Therefore, Defendants' assets should remain frozen for the remainder of the proceedings.

The amount of damages to which Innovatco is entitled, as set forth in the Second Amended Complaint, far exceeds any amount contained in any of the Defendants' frozen financial accounts. For example, Innovatco's prayer for relief requests statutory damages which can be up to one hundred fifty thousand dollars ($150,000) from each Defendant. [24]. In addition, and as established in Innovatco's TRO Memorandum [28], many federal courts, including the Northern District of Illinois, have granted orders preventing the fraudulent transfer of assets. *See, e.g., Lorillard Tobacco Co. v. Montrose Wholesale Candies & Sundries, Inc.*, 2005 WL 3115892 (N.D. Ill. Nov. 8, 2005). As such, an order continuing to freeze the Defendants' assets should be granted.

## IV. CONCLUSION

In view of the foregoing, Innovatco respectfully requests that this Court enter the preliminary injunction.

Dated: May 20, 2025

Respectfully submitted,

*/s/ Gouthami V. Tufts*
Ann Marie Sullivan
Alison K. Carter
Gouthami V. Tufts
John J. Mariane

**SULLIVAN & CARTER, LLP**
111 W. Jackson Blvd. Ste 1700
Chicago, Illinois 60604
www.scip.law
929-724-7529
g.tufts@scip.law

***ATTORNEYS FOR PLAINTIFF***

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned hereby certifies that on May 20, 2025 a true and correct copy of the above and foregoing document was: electronically filed, with the Clerk of the Court using the CM/ECF system; electronically published on a website to which the Defendants have been directed pursuant to the Service of Process; and emailed as attachment to all email addresses identified or provided for Defendants by the Defendants or third-parties, which includes a link to said website.

<u>*/s/ Gouthami V. Tufts*</u>
Gouthami V. Tufts